IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEFFREY HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:13-CV-14 (MTT) |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Before the Court is the pro se Plaintiff's Petition for Writ of Mandamus (Doc. 1), "Emergency Temporary Restraining Order and Permanate [sic] Injunction"[1] (Doc. 2), and Motion for Leave to Proceed in forma pauperis[2] (Doc. 3).

Taken together, these filings contest the Department's apparent classification of the Plaintiff as a "fugitive felon," which, pursuant to 38 U.S.C. § 5313B, renders him ineligible for benefits to which he is otherwise entitled. Although the Plaintiff's allegations are not entirely comprehensible, he essentially contends this classification was in error. He appears to suggest the Department misidentified him or based its decision on a misdemeanor that should not have triggered the statute. It is unclear whether the Plaintiff has exhausted his administrative remedies.

---

[1] Although the motion is styled as one seeking injunctive relief, the Plaintiff also asks for monetary damages in the form of $250,000.

[2] The Plaintiff's IFP motion is **GRANTED** solely for the purpose of dismissing his remaining motions.

However, these are not issues for this Court. Pursuant to the Veterans Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988), the United States Court of Veterans Appeals has exclusive jurisdiction to review the Department's decisions regarding veterans' benefits. *See Hall v. U.S. Dept. Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (citing 38 U.S.C. §§ 7251, 7252(a), 7266(a)). "[U]nder the statutory scheme, judicial review of a particular application of the law made by the [Department] with respect to a veteran's entitlement to benefits may be had only by appealing to the Board of Veterans' Appeals, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Id.* *See also Slater v. United States*, 175 Fed. Appx. 300, 305 n.2 (11th Cir. 2006) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the [Department] to veterans").

Here, the Plaintiff complains about the denial of veterans benefits based on the Department's application of the "fugitive felon" statute. Therefore, he may only seek judicial review of this decision in the United States Court of Veterans Appeals. This Court lacks subject matter jurisdiction to resolve the Plaintiff's concerns and cannot address his requested remedies.

Accordingly, the Plaintiff's remaining motions are **DENIED**, and this action is **DISMISSED without prejudice**.

**SO ORDERED**, this 30th day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
